IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeff Fajardo-Cordova,<br><br>  Petitioner,<br><br>v.<br><br>Christopher McGregor, et al.,<br><br>  Respondents. | No. CV-26-00585-PHX-DWL (MTM)<br><br>**ORDER** |

On February 5, 2026, the Court granted Petitioner's § 2241 Petition and directed Respondents to either release Petitioner or provide Petitioner a bond hearing within seven days. (Doc. 8.) On February 9, 2026, the bond hearing occurred. (Doc. 11.) The immigration judge denied Petitioner's request to be released on bond because Petitioner had "failed to meet his burden of proving he is not a flight risk if released on bond." (Doc. 12-1 at 2.) Petitioner, in turn, has now filed a "Motion to Enforce Habeas Order," arguing that "[r]ather than adhere to longstanding bond precedent, the IJ relied on tenuous factors to conclude Petitioner poses such a substantial flight risk that no amount of bond would sufficiently ensure his presence at future hearings." (Doc. 12.)

An Immigration Judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Nevertheless,

courts retain jurisdiction to consider claims that the legal framework governing detention fails to provide due process. *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024). Petitioner argues that "[t]he IJ's decision to seize upon tenuous factors to characterize Petitioner as a flight risk underscores his disregard for controlling law and the District Court's habeas order.  Importantly, it failed to properly apply the *Matter of Guerra* factors and totality of the circumstances to Petitioner's bond proceedings." (Doc. 12 at 13.) Petitioner alleges he provided evidence that (1) his United States citizen fiancée submitted sufficient documentation establishing her relationship with Petitioner; (2) he has resided in the United States for approximately 23 years; (3) he has two United States citizen children; (4) he will become eligible for work authorization upon filing for cancellation of removal; (5) he has no history of nonappearance in either criminal or immigration proceedings; (6) his criminal history consists of a 2015 misdemeanor DUI conviction for which he paid the imposed fine and completed probation; (7) he has no other immigration violations; (8) he has no history of fleeing prosecution; and (9) he was previously released on an Order of Recognizance in 2013 and his immigration proceedings were terminated in 2022.  But based on the current record, the Court cannot conclude that the legal framework employed by the Immigration Judge was itself a violation of due process. "A district judge may not second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, *4 (N.D. Cal. 2018).  Accordingly, Petitioner's motion is denied.

**IT IS THEREFORE ORDERED** Petitioner's Motion to Enforce Habeas Order (Docs. 12) is **denied**.

Dated this 3rd day of March, 2026.

Dominic W. Lanza
United States District Judge